IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS

**HARRY HAWKINS, Jr.,**

        **Petitioner,**

        v.                         CASE NO. 09-3226-RDR

**UNITED STATES PAROLE**
**COMMISSION, et al.,**

        **Respondents.**

                        <u>O R D E R</u>

This matter was filed as a "Coram Nobis Unlawful Detention . . . Request for Immediate Release and Compensation." Jurisdiction is asserted under the "All Writs Act." Petitioner is currently an inmate at the Correctional Corporation of America facility in Leavenworth, Kansas (CCA). Having examined the materials filed, the court finds as follows.

<u>**FILING FEE OR MOTION REQUIRED**</u>

At the outset, the court notes Mr. Hawkins has not paid the district court filing fee. Nor has he submitted a motion for leave to proceed without prepayment of fees. This action may not proceed further unless and until he satisfies the filing fee in one of these two ways. Petitioner asks in his Petition for leave to submit it without cost, stating he is destitute. However, this bald statement is not sufficient to allow him to proceed herein without fees. Mr. Hawkins is no stranger to this court, and is well aware of the filing fee requirements for bringing a federal action. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement

(or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If petitioner does not satisfy the filing fee requirements in one of these two ways within the time prescribed by the court, this action may be dismissed without prejudice and without further notice. The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a).

**CLAIM FOR RELEASE**

Petitioner seeks immediate release from allegedly unlawful confinement. However, he also seeks compensation for days of "false imprisonment." As factual support, he alleges the following. On September 13, 2009, he was apprehended by two U.S. Marshals who did not show him a warrant. He was taken to "the Federal Court House" and from there placed at CCA. He has been detained for twenty days and "not been given any paper work that states why" he is being detained. Petitioner asserts his rights to due process have been violated.

Mr. Hawkins has failed to allege a proper jurisdictional basis for his claim for release. A claim by a prisoner that he is entitled to immediate release must be brought in a petition for writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Neither 28 U.S.C. § 1651, the "All Writs Act," nor a petition for writ of coram nobis may be used to obtain release, given the authority this court has under 28 U.S.C. §§ 2241, 2254. See

Pennsylvania Bureau of Ocrrection v. U.S. Marshals Service, 474 U.S. 34, 43 (1985)("The All Writs Act [contained in 28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28 (2002). Mr. Hawkins has previously been advised that a habeas corpus petition is the proper way to proceed when seeking release. See e.g., Hawkins v. USPC, Case No. 07-3261-RDR (Jan. 3, 2008).

The court might construe this petition as one for writ of habeas corpus under 28 U.S.C. § 2241. The United States Parole Commission is named as respondent, and petitioner appears to challenge his detention on a parole violation. The court takes judicial notice that on October 15, 2009, Mr. Hawkins' motion to appoint counsel for a parole hearing was granted. See In re Harry Hawkins, Jr., 09-mc-00424-RDR (Oct. 16, 2009). It follows that petitioner's statement that he is unaware of the basis for his current confinement is not credible.

In any event, any claim that his arrest or confinement was without due process must first be raised in his parole violator hearing. It is apparent that Mr. Hawkins has failed to exhaust administrative remedies. From prior actions, he is well aware that he must fully exhaust all administrative remedies prior to filing an action in federal court.

**CLAIM FOR COMPENSATION**

Hawkins' claim for money damages is also subject to being dismissed. A claim for money damages for false arrest or false imprisonment must be presented in a civil complaint. As noted, release from prison may only be sought by petition for writ of habeas corpus. Money damages are not available as relief in a habeas corpus petition. Moreover, it is only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights that he may bring a civil action against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity in an action for damages. Heck v. Humphrey, 512 U.S. 477 (1994); 42 U.S.C.A. § 1983.

Furthermore, the "United States Parole Commission" is not a proper defendant in a civil action for damages, other than one under the Federal Torts Claim Act, as federal agencies are immune to suit for money damages. The only other named defendant, the Warden at the CCA, is not alleged to have personally participated in petitioner's arrest. While the Warden is a proper respondent in a habeas corpus petition, he does not appear to be a proper defendant for Hawkins' money damages claim.

The court shall dismiss petitioner's claim for money damages as improperly raised in this action, which it finds should proceed, if at all, as a habeas corpus petition. If this action were treated as a civil action, the money damages claim would also be dismissed, as premature under Heck.

Petitioner is given time to show cause why this action should not be treated as a petition for writ of habeas corpus under 28 U.S.C. § 2241, and dismissed for failure to exhaust administrative

4

remedies.  In the same time period, he must also show cause why his claim for money damages should not be dismissed as not properly raised in a habeas petition and as barred by Heck.  If Mr. Hawkins does not satisfy the filing fee requirements and show cause as ordered herein within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to either pay the filing fee[1] or submit a motion for leave to proceed without prepayment of fees.

**IT IS FURTHER ORDERED** that within the same twenty-day time period, petitioner is required to show cause why this action should not be treated as a petition for writ of habeas corpus under 28 U.S.C. § 2241 and dismissed for failure to show exhaustion of administrative remedies.

**IT IS FURTHER ORDERED** that within the same twenty-day time period, petitioner is required to show cause why his claim for "compensation" should not be dismissed as premature under Heck.

The clerk is directed to send petitioner forms for a motion for leave to proceed without prepayment of fees.

**IT IS SO ORDERED.**

DATED:  This 19th day of November, 2009, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge

---

[1] The court advises Mr. Hawkins that if this action proceeds as a habeas corpus petition only, the filing fee is $5.00.  However, if he proceeds on his claim for compensation, the filing fee for a civil complaint is $350.00.

5